UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: WB COYLE A/K/A WILLIAM BERNARD COYLE A/K/A W.B. COYLE**, <br><br> Debtor. <br><br> **PIVOT POINT PARTNERS, LLC**, <br><br> Appellant, <br><br> v. <br><br> **E. LYNN SCHOENMANN**, *et al.,* <br><br> Appellees. | Case No.: 15-cv-04126-YGR <br><br> **ORDER REQUIRING MEET AND CONFER** |

On August 20, 2015, the bankruptcy court, the Honorable Hannah L. Blumenstiel presiding, denied appellant Pivot Point Partners, LLC's ("Pivot Point") motion for relief from automatic stay on the record. The bankruptcy court then heard argument on appellee E. Lynn Shoenmann's (the "Trustee") motion for a preliminary injunction against Pivot Point. In an order dated August 25, 2015, the bankruptcy court granted the Trustee's motion and enjoined Pivot Point from conducting a trustee's sale on the deed secured by the real property at issue. (Dkt. No. 7-5 at 74–75.)

Currently before the Court is Pivot Point's appeal of the bankruptcy court's order entering the preliminary injunction. (*See* Dkt. No. 1.) In a separate action, Pivot Point appeals the bankruptcy court's order denying its motion from relief from the automatic stay. *See* Civ. Case No. 15-cv-04125-EMC at Dkt. No. 1. A notice of related case was not filed.

While neither party has questioned the Court's jurisdiction over this appeal, it has an independent obligation to do so *sua sponte*. *In re Thomas*, 428 F.3d 1266, 1268 (9th Cir. 2005). A district court has jurisdiction to hear appeals from orders of the bankruptcy court which are, *inter alia*: (1) "final" or (2) "with leave of the court, from other interlocutory orders and decrees." 28

U.S.C. § 158(a)(1), (3).  The Ninth Circuit has held that a bankruptcy court's ruling on an automatic stay is considered a final order under 28 U.S.C. section 158(a)(1).  *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990).   By contrast, with respect to the order on preliminary injunction, it is final only if the bankruptcy court "contemplates no further hearings on the merits of the injunction, apart from the outcome of reorganization."  *In re Ionosphere Clubs, Inc.*, 139 B.R. 772, 778 (S.D.N.Y. 1992) (quoted with approval in *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007)).  Here, the parties have not addressed whether the bankruptcy court has contemplated any further proceedings on the preliminary injunction.

In a similar appeal of a bankruptcy court order preliminarily enjoining the appellant from proceeding with a trustee's sale of a property in the bankruptcy estate, Judge Freeman dismissed for lack of jurisdiction.  *523 Burlingame Ave., LLC v. Estate Cortes Tapang*, 2014 WL 3419342 (N.D. Cal. July 11, 2014).  More specifically, Judge Freeman found the order on preliminary injunction was not "final" under 28 U.S.C. section 158(a)(1) and she otherwise declined to grant appellant leave to appeal the interlocutory order under 28 U.S.C. section 158(a)(3).  *Id*. at *3–5; *cf. In re Excel*, 502 F.3d at 1092 ("although the parties and the bankruptcy court labeled the injunction 'preliminary,' nothing in the record indicates that the bankruptcy court contemplated further proceedings on the injunction").  Notably, authority does exist to grant leave to appeal a preliminary injunction order in the context of a consolidated appeal from an order on automatic stay.  *See In re First Alliance Mortgage Co.*, 264 B.R. 634, 644 (C.D. Cal. 2001) (granting leave to bring alternative appeal to bankruptcy court's grant of preliminary injunction where appellant's primary challenge was to bankruptcy court's ruling on automatic stay).

Based on the foregoing, the Court doubts its jurisdiction over this appeal.  However, jurisdiction over Pivot Point's appeal from the bankruptcy's final order on relief from automatic stay is sound.  The parties are therefore **ORDERED** to meet and confer and attempt to resolve the issue given the pendency of 15-cv-4125, and file a JOINT update with the Court by **August 31, 2016**.  Failing joint resolution of the issue, the parties shall submit supplemental briefs addressing whether:

- under 28 U.S.C. section 158(a)(1), the bankruptcy court's order granting a preliminary injunction is a final appealable order;

- under 28 U.S.C. section 158(a)(3), the Court alternatively should exercise its discretion to grant Pivot Point leave to appeal the interlocutory order; and
- under Civ. L. R. 3-12, this case is "related" to Civ. Case No. 15-cv-04125-EMC.

The parties' supplemental briefs, if necessary, shall be no longer than 8 pages each and shall be filed by **August 31, 2016**.

**IT IS SO ORDERED.**

Dated: August 16, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3